**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCIA E. JOHNSON,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:05-cv-1917-Orl-22KRS**

**CORINTHIAN COLLEGES, INC.,**

        **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT CORINTHIAN COLLEGES, INC.'S MOTION FOR ASSESSMENT OF REASONABLE EXPENSES (Doc. No. 45)
>
> **FILED:** June 22, 2007

Following a June 5, 2007 hearing on Defendant's motion to compel Plaintiff's deposition (doc. no. 30), the Court granted the motion to compel; ordered Plaintiff to pay Defendant "the reasonable expenses, including attorney's fees, incurred in preparing and filing the motion to compel the deposition and in attending the hearing on the motion"; and directed Defendant to file a motion seeking assessment of the amount of reasonable expenses on or before June 25, 2007. Doc. No. 39 at 2.

Defendant has filed a motion for assessment of reasonable expenses, supported by a time sheet describing the work performed. Doc. No. 45. Defendant seeks $2,165.50 for 6.1 hours of work by Susan Sacco, Esq., Defendant's counsel, at an hourly rate of $355.00. Plaintiff filed a response in which she largely repeats arguments that she has previously presented to the Court as to why she should not be sanctioned for her discovery violations and failure to comply with Court orders. Plaintiff also asks the Court to limit Sacco's hourly rate to between $200 and $300; deduct hours because Sacco was fifteen minutes late to the deposition; and allow Plaintiff a minimum of ninety days to pay the sanction. Doc. No. 46 at 7.

## I. THE LAW

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-02 (11th Cir.1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir.1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). The " 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.' " *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999) (quoting Norman, 836 F.2d at 1303).

With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . .[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D.Fla.2002).

With respect to the reasonable number of hours worked, "[f]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. In determining the work for which attorneys' fees are sought, a party must exercise billing judgment. Billing judgment requires that a party not seek reimbursement for hours that it "would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301. "[O]bjections and proof from fee opponents concerning hours that should be excluded must

be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (internal quotation marks and citation omitted); *see also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.").

## II.     ANALYSIS

First, the Court has already denied Plaintiff's request to re-argue the issue of sanctions (doc. no. 44) and will not further reconsider the ruling and reasoning stated on the record at the June 5, 2007 hearing absent compelling authority to do so. To the extent that Plaintiff seeks reconsideration of the Court's prior order, that request is denied.

Next, in support of Defendant's motion, Attorney Sacco states that she has practiced law for twenty-three years and that she has specialized in employment law and has represent numerous clients in race discrimination cases for the past twelve years. Doc. No. 45 at 2. She also states that she is "a partner in the national law firm of Ford and Harrison, LLP; is listed in *The Best Lawyers in America*; and is AV-rated by Martindale-Hubbell." *Id.* The Court, in light of Sacco's extensive experience, might ordinarily have considered $355.00 a reasonable hourly rate. During the hearing, however, while the Court was considering the extent of and how to fashion the sanctions to be imposed on Plaintiff, counsel for Defendant advised the Court that her hourly rate was $300.00. *See* Doc. No. 45, ¶ 6. Holding Sacco to her representation made to the Court at the hearing, the Court finds that an hourly rate of $300.00 is appropriate.

The Court has also reviewed Sacco's itemized time sheet. Sacco spent 0.2 hours preparing a motion for leave to bring a telephone into the courthouse, 0.1 hours reviewing the order on the motion for leave to bring a telephone to the courthouse, 2.1 hours attending the hearing on the motion to compel, 0.2 hours conferring with the court reporter after the hearing, and 0.1 hours conferring with

her client about the hearing and settlement conference. *Id.* at 4. These hours must be deducted or reduced. The record reflects that the cellular telephone was necessary for the settlement conference, which was requested by the district judge and not related to the motion to compel (doc. nos. 27, 35, 36); the Clerk's Minutes reflect that the June 5, 2007 hearing lasted one hour (doc. no. 38); the conference with the court reporter was clerical or administrative work not properly included within a request for attorney's fees (*see Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000)); and counsel's conference with Defendant regarding the hearing and settlement conference was unnecessary to the resolution of the motion to compel.

Accordingly, Defendant's Motion for Assessment of Reasonable Expenses is **GRANTED** in part and **DENIED** in part. Plaintiff shall pay Defendant sanctions in the amount of $1,320.00, which represents 4.4 hours expended at an hourly rate of $300.00.

In addition, Plaintiff is ordered to pay the entire sanction or before October 12, 2007. This order does not relieve Plaintiff of her obligation to pay for the cost of one expedited transcript of her deposition and the court reporter appearance fee within thirty days of issuance of the invoice by the court reporter (as required by doc. no. 39). **Failure to comply will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 16(f).**

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party