**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCIA E. JOHNSON,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:05-cv-1917-Orl-22KRS**

**CORINTHIAN COLLEGES, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT, CORINTHIAN COLLEGE, INC.'S MOTION FOR ASSESSMENT OF REASONABLE EXPENSES (Doc. No. 57)**
>
> **FILED:**    **September 17, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On August 29, 2007, I entered an order awarding Defendant Corinthian College, Inc. (Corinthian) reasonable expenses, including attorney's fees, incurred in preparing and filing its motion to compel, doc. no. 18, motion to dismiss, doc. no. 25, and second motion to dismiss, doc. no. 28, and expenses incurred in attending the June 1, 2007, hearing on the motions to dismiss. Doc. No. 56 at 9-10. In that order, I instructed the parties to confer in a good faith effort to resolve the amount of reasonable expenses to be paid to counsel for Corinthian. In the event that an agreement could not be

reached, counsel for Corinthian was instructed to file a motion for assessment of attorneys's fees and costs. *Id.* at 10.

The present motion indicates that the parties conferred in an effort to resolve the amount of reasonable expenses to be paid by Plaintiff Marcia E. Johnson, but could not reach an agreement. Doc. No. 57 at 1-2. Corinthian requests $4,221.00 in attorney's fees. *Id.* at 3. In support of its motion for fees, Corinthian filed a time sheet detailing the worked performed by attorney M. Susan Sacco and paralegal Rose Ann Foster. Doc. No. 57-2. In its time sheet, Corinthian alleges that Sacco spent a total of 13.7 hours preparing Corinthian's motion to compel, motion to dismiss, and second motion to dismiss, and attending the hearing on the motion to dismiss. *Id.* Foster spent a total of 0.6 hours cite-checking the record and case law in Corinthian's motion to dismiss. *Id*. Sacco seeks to be compensated at a rate of $300.00 an hour, and Foster seeks to be compensated at a rate of $185.00 an hour, for a total award of $4,221.00. *Id.* at 2.

Pursuant to the Case Management and Scheduling Order, Johnson was required to file a response to the present motion within eleven days after it was served, plus three days for mailing time. Doc. No. 12 at 5 n.2. Johnson has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

In the absence of objection, and in consideration of the fact that the Court has previously approved an hourly rate of $300.00 for Sacco, doc. no. 52, I find that this rate is reasonable in the Central Florida market for an attorney of Sacco's background and experience, and that the number of hours worked was reasonable. Corinthian is awarded $4,110.00 in fees for the work performed by Sacco.

With respect to Foster, no evidence was submitted that Foster's proposed hourly rate has been found to be reasonable by any Court or that it is consistent with the hourly rates of paralegals working in central Florida with similar training and experience. Based on my knowledge of the local legal market, I find that a rate of $185.00 an hour is inconsistent with the hourly rates charged and paid in the Central Florida market for a paralegal. *See Brother v. Int'l Beach Club Condo. Ass'n, Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *6 (M.D. Fla. April 28, 2005). In the case of *Brother v. Int'l Beach Club Condo. Ass'n, Inc.*, the Court found that the reasonable rate for a paralegal was between $75.00 to $95.00 per hour for employment law matters. *Id.* Accordingly, as Foster has 19 years of experience as a paralegal, I find that a rate of $95.00 is reasonable, and that the number of hours worked was reasonable, in the absence of objection. Corinthian is awarded $57.00 in fees for the work performed by Foster.

Therefore, it is **ORDERED** that, on or before November 1, 2007, Marcia E. Johnson shall tender to Ford & Harrison, LLP, counsel for Defendant Corinthian Colleges, Inc., the sum of $4,167.00 to compensate Corinthian for the attorney's fees it incurred in filing its motion to compel, motion to dismiss, and second motion to dismiss. **Failure to comply with this order could result in the dismissal of the case pursuant to Federal Rule Civil Procedure 16(f)**.

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties